JAY CLAYTON
United States Attorney for the
Southern District of New York
By:    GREGORY MARGOLIS
        LAWRENCE H. FOGELMAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677/2719
Gregory.Marglois@usdoj.gov
Lawrence.Fogelman@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MATTHEW RUSSELL LEE,<br><br>                              Plaintiff,<br><br>          v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>ANTITRUST DIVISION,<br><br>                              Defendant. | No. 26 Civ. 4416 (AS)<br><br>**ANSWER** |

Defendant Department of Justice, Antitrust Division ("DOJ", the "Government" or "Defendant"), by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, answers the complaint (the "Complaint"), ECF No. 1, filed by plaintiff Matthew Russell Lee ("Plaintiff") on May 27, 2026, upon information and belief as follows:

### INTRODUCTION[1]

1.      The first sentence Paragraph 1 of the Complaint consists of Plaintiff's characterization of this action and of the relief requested, to which no response is required. With

---

[1] For ease of reference, the Government replicates the headings contained in the Complaint. Although the Government believes that responses to the headings in the Complaint are not required, to the extent a response is deemed required and to the extent those headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

regard to the second sentence of Paragraph 1 of the Complaint, DOJ admits that it responded to Plaintiff's request under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA") that is the subject of this action (the "FOIA Request"), and respectfully refers the Court to the response to the FOIA Request for a complete and accurate statement of its contents. The third and fourth sentences of Paragraph 1 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is deemed required, DOJ denies the allegations contained in the third and fourth sentences of Paragraph 1 of the Complaint.

2.    With respect to the first sentence of paragraph 2 of the Complaint, admits only that a jury reached a verdict in *United States et al. v. Live Nation Entm't,* Inc, No. 24 Civ. 3973 (AS) (the "Live Nation Lawsuit"), and respectfully refers the Court to the docket in that case, including ECF No. 1417, for a complete and accurate statement of its contents. With respect to the second sentence, admits only that DOJ responded to the FOIA Request by letter dated April 20, 2026, and respectfully refers the Court to that response for a complete and accurate statement of its contents. With respect to the third sentence, the Government admits only that the jury reached a verdict in the Live Nation Lawsuit addressing liability prior to April 20, 2026, *see* Live Nation Lawsuit ECF No. 1417, and respectfully refers the Court to the docket in the Live Nation Lawsuit for a full and accurate statement of its contents. With respect to the allegations in the fourth sentence of Paragraph 2 of the Complaint, the Government admits that it is in the process of complying with its obligations pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)–(h) ("Tunney Act") in connection with the Government's proposed settlement relating to the Live Nation Matter. The Government denies the allegations contained in the fifth and sixth sentences in Paragraph 2 and all other allegations in the paragraph.

3.    The Government denies knowledge or information sufficient to form a belief as to

the truth of the allegations in the first sentence of Paragraph 3 of the Complaint. In response to the second sentence of Paragraph 3 of the Complaint, the Government admits that Plaintiff made filings on the docket in the Live Nation Lawsuit, and respectfully refers the Court to the docket in that lawsuit for a full and accurate statement of Plaintiff's submissions and the Court's rulings. The third and fourth sentences of Paragraph 3 of the Complaint contain Plaintiff's characterization of this action to which no response is required.  To the extent a response is required, the Government denies the allegations in the third and fourth sentences of Paragraph 3 of the Complaint.

### PARTIES

4.      The Government denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5.      The Government denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6.      The Government denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 6 of the Complaint. The second sentence of Paragraph 6 of the Complaint consists of characterizations of proceedings and Court orders in the Live Nation Action. The Government respectfully refers the Court to the docket in the Live Nation Action for a complete and accurate statement of its contents, including Plaintiff's submissions and any orders by the Court in response to Plaintiff's submissions.

7.      The Government denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and respectfully refers the Court to the case cited by Plaintiff for a complete and accurate statement of its contents. Plaintiff's description of a case and footnote 1 of Paragraph 7 of the Complaint consist of legal conclusions

to which no response is required. To the extent a response is required, the Government denies these allegations.

8.     The Government admits the allegations in the first sentence of Paragraph 8 of the Complaint. With regard to the second sentence of Paragraph 8 of the Complaint, the Government admits that at least certain of the documents sought in Plaintiff's FOIA request are in the possession of the Antitrust Division of the Department of Justice.

## JURISDICTION AND VENUE

9.     Paragraph 9 of the Complaint consists of conclusions of law to which no response is required.

10.     Paragraph 10 of the Complaint consists of conclusions of law to which no response is required.

11.     Paragraph 11 of the Complaint consists of conclusions of law to which no response is required.

## STATUTORY FRAMEWORK

12.     Paragraph 12 of the Complaint consists of conclusions of law to which no response is required.

13.     Paragraph 13 of the Complaint consists of conclusions of law to which no response is required.

14.     Paragraph 14 of the Complaint consists of conclusions of law to which no response is required.

15.     Paragraph 15 of the Complaint consists of conclusions of law to which no response is required.

16.     Paragraph 16 of the Complaint consists of conclusions of law to which no response

is required.

17.     Paragraph 17 of the Complaint consists of conclusions of law to which no response is required.

18.     Paragraph 18 of the Complaint consists of conclusions of law to which no response is required.

## FACTUAL BACKGROUND

19.     Paragraph 19 of the Complaint consists of Plaintiff's characterization of the Live Nation Action, including the complaint filed in that action. The Government respectfully refers the Court to the complaint in the Live Nation Action and the docket of that case for a complete and accurate statement of their contents.

20.     The Government admits the first sentence of Paragraph 20 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 20 of the Complaint.

21.     Paragraph 21 consists of Plaintiff's characterizations of the trial in the Live Nation Action. The Government admits that the trial of the Live Nation Action took place in open court, including the presentation of witnesses and the parties' claims and defenses, and respectfully refers the Court to the record of the trial in the Live Nation Action for a complete and accurate statement of its contents.

22.     With respect to the allegations in paragraph 22 of the Complaint, admits only that the jury reached a verdict in the Live Nation Action, and respectfully refers the Court to the verdict form in that case for a complete and accurate statement of its contents. *See* Live Nation Action ECF 1417.

23.     In response to the first sentence Paragraph 23 of the Complaint, the Government

admits that it reached a proposed resolution of the Live Nation Action along with six states, and avers that the proposed resolution requires further action pursuant to the Tunney Act before judicial approval and effectiveness of the proposed resolution. In response to the second sentence of Paragraph 23 of the Complaint, the Government admits that the non-settling parties proceeded to trial of the Live Nation Action, and that a verdict was reached in that action.

24.     With respect to the allegations in paragraph 24 of the Complaint, admits only that on March 27, 2026, the DOJ Antitrust Division submitted a joint letter with six states to the Court in the Live Nation Action, and respectfully refers the Court to that letter for a complete and accurate statement of its contents.

25.     Paragraph 25 of the Complaint consists of conclusions of law to which no response is required.

26.     With respect to the allegation in paragraph 26 of the Complaint, the Government admits that Plaintiff submitted the FOIA Request dated March 27, 2026, and respectfully refers the Court to the FOIA Request for a complete and accurate statement of its contents.

27.     With respect to the allegations of paragraph 27 of the Complaint, including its subparagraphs, the Government admits only that the FOIA Request sought multiple categories of documents, and respectfully refers the Court to the FOIA Request for a complete and accurate statement of its contents.

28.     Admits the allegation in Paragraph 28 of the Complaint that the FOIA Request included a request for expedited treatment and a fee waiver, and respectfully refers the Court to the FOIA Request for a complete and accurate statement of its contents.

29.     With respect to the allegation in paragraph 29 of the Complaint, admits only that the Government sent Plaintiff a letter dated March 30, 2026, and respectfully refers the Court to

the letter for a complete and accurate statement of its contents.

30.    Paragraph 30 of the Complaint consists of a description of the contents of the Government's March 30, 2026 letter to the Plaintiff. The Government respectfully refers the Court to the letter for a complete and accurate statement of its contents.

31.    With respect to the allegations in paragraph 31 of the Complaint, admits only that on March 30, 2026, the Government sent an email to the Plaintiff from Kimberly Kochurka, Government Information Specialist, and respectfully refers the Court to the email for a complete and accurate statement of its contents.

32.    With respect to the allegation in paragraph 32 of the Complaint, admits only that Plaintiff sent an email to the Government dated April 4, 2026, and respectfully refers the Court to the email for a complete and accurate statement of its contents.

33.    Paragraph 33 of the Complaint, including its subparagraphs, consists of a description of the contents of the Plaintiff's April 4, 2026 email to the Government. The Government respectfully refers the Court to the email for a complete and accurate statement of its contents.

34.    With respect to the allegations in paragraph 34 of the Complaint, admits only that the Government sent an email to Plaintiff dated April 6, 2026, and respectfully refers the Court to the email for a complete and accurate statement of its contents.

35.    With respect to the allegation in paragraph 35 of the Complaint, admits only that the jury in the Live Nation Action reached a verdict on or around April 15, 2026, and respectfully refers the Court to the verdict in that action for a complete and accurate statement of its contents.

36.    With respect to the allegation in paragraph 36 of the Complaint, admits only that the Government responded to Plaintiff's FOIA Request by letter dated April 20, 2026, and

respectfully refers the Court to the letter for a complete and accurate statement of its contents.

37.     Paragraph 37 of the Complaint consists of a description of the contents of the Government's April 20, 2026 letter to the Plaintiff. The Government respectfully refers the Court to the letter for a complete and accurate statement of its contents.

38.     Paragraph 38 of the Complaint consists of a description of the contents allegedly not included in the Government's April 20, 2026 letter to the Plaintiff. The Government respectfully refers the Court to the letter for a complete and accurate statement of its contents.

39.     With respect to the allegations in paragraph 39 of the Complaint, admits only that Plaintiff sent an email submitting an administrative appeal dated April 20, 2026, and respectfully refers the Court to that email for a complete and accurate statement of its contents.

40.     Paragraph 40 of the Complaint consists of a description of the contents of the Plaintiff's email submitting an administrative appeal dated April 20, 2026. The Government respectfully refers the Court to the email for a complete and accurate statement of its contents.

41.     With respect to the allegation in paragraph 41 of the Complaint, admits only that the DOJ's Office of Information Policy affirmed the Antitrust Division's decision regarding Plaintiff's FOIA Request on April 30, 2026. The Government respectfully refers the Court to this letter for a complete and accurate statement of its contents.

42.     Paragraph 42 of the Complaint consists of a description of the contents allegedly included and not included in the Government's April 30, 2026 letter. The Government respectfully refers the Court to the letter for a complete and accurate statement of its contents.

43.     Paragraph 43 of the Complaint consists of a conclusion of law to which no response is required.

44.     Paragraph 44 of the Complaint consists of conclusions of law to which no response

is required.

45.    The Government denies the allegation of Paragraph 45 of the Complaint except admits that the Government conducted an investigation prior to commencing a lawsuit against Live Nation, that the Government and multiple states filed a complaint against Live Nation in May 2024, that the United States reached a proposed settlement and is in the process of complying with the Tunney Act before the Court reviews and determines whether to approve the proposed settlement, that certain states who did not settle continued the lawsuit, that the Court held a jury trial, and that the jury trial resulted in a verdict.

46.    With respect to the allegations in paragraph 46 of the Complaint, admits only that the trial by certain states against Live Nation concluded in April 2026, and respectfully refers the Court to the jury verdict filed on April 15, 2026, for a complete and accurate statement of its contents. The Government avers that the conclusion of the jury trial did not conclude the Government's process of complying with the Tunney Act prior to the Court's determination on whether to approve the Government's settlement. The Government further refers the Court to the docket of the Live Nation Action for a complete and accurate description of ongoing court proceedings taking place since the conclusion of the jury trial, including filings relating to remedies and post-trial briefing. *See, e.g.,* Live Nation Action, ECF Nos. 1490, 1510 (addressing certain ongoing matters).

47.    The Government denies the allegations in Paragraph 47 of the Complaint, except admits that the Government is in the process of complying with its obligations under the Tunney Act prior to seeking approval of its proposed settlement from the Court. The Government respectfully refers the Court to the docket of the Live Nation Action, which includes additional descriptions of the Government's actions pursuant to the Tunney Act. *See, e.g.*, Live Nation Acton,

ECF No. 1337 (letter explaining procedures). With regard to the allegations in Paragraph 47 of the Complaint summarizing the records sought by Plaintiff, the Government respectfully refers the Court to the FOIA Request for a complete and accurate statement of its contents. The final sentence is argumentative and does not require a response; to the extent a response is required, the Government denies.

48.    Paragraph 48 of the Complaint consists of conclusions of law to which no response is required. To the extent that a response is required, the Government denies.

49.    Paragraph 49 of the Complaint consists of conclusions of law to which no response is required. To the extent that a response is required, the Government denies.

## FIRST CAUSE OF ACTION

50.    The Government repeats and re-incorporates the responses to Paragraphs 1 to 49 of the Complaint as though fully set forth herein.

51.    Paragraph 51 of the Complaint consists of conclusions of law to which no response is required. To the extent that a response is required, the Government denies the allegations contained in Paragraph 51 of the Complaint.

52.    Paragraph 52 of the Complaint consists of conclusions of law to which no response is required. To the extent that a response is required, the Government admits that at least certain of the records requested in the FOIA Request are within the possession, custody or control of the DOJ Antitrust Division.

53.    Paragraph 53 of the Complaint consists of conclusions of law to which no response is required. To the extent that a response is required, the Government denies the allegations contained in Paragraph 53 of the Complaint. The Government also avers that it is in the process of complying with its obligations under the Tunney Act prior to seeking Court approval of its proposed settlement.

54.     Paragraph 54 of the Complaint consists of conclusions of law to which no response is required. To the extent that a response is required, the Government denies the allegations contained in Paragraph 54 of the Complaint, and respectfully refers the Court to its April 30, 2026 letter responding to Plaintiff's FOIA Request for a complete and accurate statement of its contents.

55.     Paragraph 55 of the Complaint consists of conclusions of law to which no response is required. To the extent that a response is required, the Government denies the allegations contained in Paragraph 55 of the Complaint, and respectfully refers the Court to its April 30, 2026 letter responding to Plaintiff's FOIA Request for a complete and accurate statement of its contents.

56.     Paragraph 56 of the Complaint consists of conclusions of law to which no response is required. To the extent that a response is required, the Government denies the allegations contained in Paragraph 56 of the Complaint, and respectfully refers the Court to its April 30, 2026 letter responding to Plaintiff's FOIA Request for a complete and accurate statement of its contents.

57.     Paragraph 57 of the Complaint consists of conclusions of law to which no response is required. To the extent that a response is required, the Government denies the allegations contained in Paragraph 57 of the Complaint.

<b>SECOND CAUSE OF ACTION</b>

58.     The Government repeats and re-incorporates the responses to Paragraphs 1 to 57 of the Complaint as though fully set forth herein.

59.     Paragraph 59 of the Complaint consists of conclusions of law to which no response is required.

60.     Paragraph 60 of the Complaint consists of conclusions of law to which no response is required.

61.     Denies the allegations contained in Paragraph 61 of the Complaint, except admits that the Government is required to comply with the Tunney Act, and avers that is in the process of

11

complying with the Tunney Act. With respect to Plaintiff's characterization of the records sought, the Government respectfully refers the Court to the FOIA Request for a complete and accurate statement of its contents.

62.   With respect to the allegations in paragraph 62 of the Complaint, admits only that the Plaintiff's March 27, 2026 FOIA Request included a request for expedited treatment, and the Government respectfully refers the Court to the FOIA Request for a complete and accurate statement of its contents.

63.   With respect to the allegations in paragraph 63 of the Complaint, admits only that the Government's March 30, 2026 response to the FOIA Request granted expedited processing, and respectfully refers the Court to this March 30, 2026 response for a complete and accurate statement of its contents.

64.   Denies the allegations in Paragraph 64 of the Complaint, except admits that the Government responded to Plaintiff's FOIA Request by letter dated April 20, 2026, and respectfully refers the Court to that letter for a complete and accurate statement of its contents. The Government further avers that it withheld all records responsive to Plaintiff's FOIA Request pursuant to FOIA Exemption 7(A).

65.   Denies the allegations contained in Paragraph 65 of the Complaint.

66.   Paragraph 66 of the Complaint consists of conclusions of law to which no response is required.

## PRAYER FOR RELIEF

67.   Paragraphs A through I in the Prayer for Relief section of the Complaint consist of Plaintiff's requests for relief to which no response is required. The Government denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

12

## DEFENSES

1.      The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

2.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3.      Plaintiff is not entitled to compel the production of records that are exempt or excluded from disclosure in whole or in part under FOIA or other applicable law, including but not limited to exemptions for privileged materials.

4.      Some or all of the records sought by the FOIA Request may not be in the possession, custody or control of the Government.

5.      Plaintiff has not established eligibility for or entitlement to attorney fees or litigation costs.

* * *

The Government may have defenses that are not known at this time but that may become known through further proceedings. Accordingly, the Government reserves the right to assert each and every defense (affirmative or otherwise) that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

Dated: July 1, 2026
        New York, New York

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for the Government*

By:      /s/ Lawrence H. Fogelman
         GREGORY MARGOLIS
         LAWRENCE H. FOGELMAN
         Assistant United States Attorneys

13

86 Chambers Street, 3rd Floor
New York, New York 10007
Tel:    (212) 637-2677/2719
Gregory.Margolis@usdoj.gov
Lawrence.Fogelman@usdoj.gov