Martz Law
A PROFESSIONAL CORPORATION
Attorney & Counselor at Law

September 14, 2026

**VIA ECF**
Honorable Arun Subramanian
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**RE:** ***Lee v. U.S. Department of Justice, Antitrust Division*, 26-cv-4416 (AS)**

Dear Judge Subramanian:

Plaintiff Matthew Russell Lee ("Plaintiff") and Defendant the U.S. Department of Justice, Antitrust Division (the "Division" or the "Government") write jointly pursuant to the Court's August 5 and September 10 Orders ahead of the initial pretrial conference scheduled for Thursday, September 17, 2026. The parties have not provided a proposed civil case management plan and scheduling order because Local Civil Rule 16.1 exempts this Freedom of Information Act ("FOIA") case from the mandatory scheduling order requirement of Civil Rule 16(b), but have otherwise responded to the Court's questions.

**1. Nature of the action, principal defenses, and major issues.**

This is an action under FOIA, 5 U.S.C. § 552. Plaintiff, a journalist and Executive Director of Inner City Press, submitted FOIA Request No. ATFY26-168 to the Division on March 27, 2026, seeking records concerning the Division's proposed settlement with Live Nation Entertainment, Inc. and Ticketmaster LLC in *United States et al. v. Live Nation Entertainment, Inc.*, No. 24-cv-3973. The Division granted expedited processing on March 30, 2026. On April 4, 2026, Plaintiff indicated to the Division that he sought to prioritize parts of his request, identifying custodians, search terms, a date range, and a three-tier production priority. On April 20, 2026, the Division denied Plaintiff's request in full under Exemption 7(A), 5 U.S.C. § 552(b)(7)(A). Plaintiff made an administrative appeal to the Office of Information Policy ("OIP"), and OIP affirmed the Division's application of Exemption 7(A) on April 30, 2026.

Plaintiff's Position

Plaintiff asserts two claims: improper withholding under § 552(a)(3)(A), and failure to process the request "as soon as practicable" following the grant of expedited treatment, in violation of § 552(a)(6)(E)(iii). The major issues are expected to be the adequacy of Defendant's search, whether any responsive records are exempt from disclosure, and whether any withheld material is reasonably segregable under § 552(b).

Defendant's Position

Through his voluminous FOIA requests, Plaintiff seeks six expansive categories of documents that are on their face exempted from disclosure pursuant to Exemption 7(A) and

many of which are also protected by the civil-discovery privileges embodied in Exemption 5 and the protective order entered in the underlying action.[1] In addition, where, as here, a FOIA request is overbroad and fails to reasonably describe the records sought, it is facially improper and should be dismissed. 5 U.S.C. § 552(a)(3)(A); *Yagman v. Pompeo*, 868 F.3d 1075, 1081 (9th Cir. 2017). Thus, the Government expects the major issues to be its assertion of exemptions and whether the requests are facially improper.

2. **Jurisdiction and venue.**

The Court has subject-matter jurisdiction and personal jurisdiction under 5 U.S.C. § 552(a)(4)(B), and jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–706. Venue is proper under § 552(a)(4)(B) because Plaintiff resides in this District and the records sought concern an enforcement action filed and tried in this District.

3. **Existing deadlines, due dates, and cut-off dates.**

Defendant answered on July 1, 2026. No other deadlines have been set in this action.

Plaintiff's Position

Two dates external to this action bear on scheduling: First, the Antitrust Division granted Plaintiff expedited processing on March 30, 2026, under 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e)(1)(ii), triggering an obligation to process the request "as soon as practicable." More than five months later, Defendant has produced no records. Second, the records Plaintiff seeks concern the negotiation and evaluation of the *Live Nation* settlement and bear on the very determination before Your Honor as to whether entry of Defendant's proposed Final Judgment would be in the public interest.

Defendant's Position

The expedited processing requirements of 5 U.S.C. § 552(a)(6)(E) have no relevance in this case's current procedural posture because the Government has already (months ago) provided Plaintiff a complete response. After the Division granted Plaintiff expedited processing request on March 30, 2026, Defendant notified Plaintiff on April 20, 2026 that the records Plaintiff sought were exempt from disclosure pursuant to Exemption 7(A). This determination that Exemption 7(A) was categorically applicable fulfilled the Division's obligation to process the responsive records "as soon as practicable."

4. **Outstanding motions.**

None.

5. **Discovery.**

No discovery has taken place, and the parties agree that FOIA actions are not ordinarily subject to civil discovery. *See* Local Civ. R. 16.1. Plaintiff does not presently seek discovery but reserves his rights to make an appropriate showing to justify taking discovery if warranted by the

[1] The Government has not yet reviewed each responsive page; additional exemptions may also apply, and the Government expressly reserves its right to assert any applicable exemption. For example, the FOIA requests may encompass information protected by FOIA's privacy exemptions, 6 and 7(C).

agency's submissions in this matter. The Government maintains that there is no basis for discovery in this matter.

**6. Status of settlement discussions.**

Counsel conferred by telephone on June 18, 2026, September 11, 2026 and September 14, 2026, and have exchanged correspondence. Without disclosing exact offers or demands: Plaintiff proposed (a) rolling production of the priority records identified in his April 4, 2026 narrowing, and (b) an expedited summary judgment schedule in lieu of an answer. Defendant declined both proposals and filed its answer on July 1, 2026. The parties will continue to confer.

On September 14, Plaintiff provided a proposed narrowing of the FOIA request that the parties also discussed on the same day. The Government is in the process of reviewing this narrowed set of requests.

To expedite resolution of this action, Plaintiff's proposed narrowing reduces the records at issue from the 45 subparts of FOIA Request No. ATFY26-168 to 16 and is offered in response to the Government indicating during the parties' conferrals that it anticipates asserting, among other Exemptions, Exemption 5, 5 U.S.C. § 552(b)(5). The narrowing is made for purposes of this litigation only. Plaintiff does not concede that any withdrawn category is exempt from disclosure and reserves all rights with respect to them. Likewise, the Government reserves its rights with respect to the withdrawn categories and is in the process of reviewing the proposed narrowed set of subparts which it received today. Plaintiff respectfully submits that the narrowed set presents a limited and largely legal question suitable for prompt resolution on cross-motions for summary judgment.

**7. Alternative dispute resolution.**

The parties have discussed ADR. The parties agree that a settlement conference before a Magistrate Judge, participation in the District's Mediation Program, and retention of a private mediator are not presently warranted, as the case does not seek monetary relief and the principal disputes concern the application of statutory exemptions. Plaintiff reserves the right to seek attorney's fees and costs under 5 U.S.C. § 552(a)(4)(E).

**8. Other information.**

The parties are engaged in productive meet and confer efforts regarding the scope of Plaintiff's requests, with the goal of streamlining the issues for summary judgment. The parties have also agreed on a proposed schedule for summary judgment briefing as follows:

- The Government's motion for summary judgment: **December 4, 2026**
- Plaintiff's opposition and cross-motion: **January 15, 2027**
- The Government's reply in support of its motion for summary judgment and opposition to Plaintiff's cross-motion: **February 12, 2027**

- Plaintiff's reply in support of its cross-motion: **February 19, 2027**

The parties thank the Court for its consideration.

Respectfully submitted,

MARTZ LAW, A PROFESSIONAL CORPORATION

*/s/ Gunnar Karl Martz*
Gunnar Karl Martz
gunnar@martz.law

1401 21st Street, Suite R
Sacramento, CA 95811
Tel. (949-416)-8767

*Attorney for Plaintiff Matthew Russell Lee*

The proposed briefing schedule is accepted. Any motion for summary judgment is due on or before December 4, 2026. The initial pretrial conference scheduled for September 17, 2026, is hereby canceled.

The Clerk of Court is respectfully directed to terminate the motion at ECF 13.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 16, 2026